UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00171-FDW

| | |
|---|---|
| DONALD HONAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

THIS MATTER is before the Court on Plaintiff Donald Honaker's Motion for Summary Judgment (Doc. No. 10), filed January 30, 2018, and Defendant Acting Commissioner of Social Security Nancy A. Berryhill's ("Commissioner") Motion for Summary Judgment (Doc. No. 12), filed February 26, 2018.  Plaintiff seeks judicial review of an unfavorable administrative decision on his application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's Motion For Summary Judgment; DENIES Defendant's Motion For Summary Judgment; and REVERSES the Commissioner's decision and REMANDS this matter pursuant to Sentence Four 42 U.S.C. § 405(g) [1] for proceedings consistent with this Order.

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

## I. BACKGROUND

Plaintiff filed an applications for Title II benefits in July 2013 and Title XVI benefits in May 2014. (Tr. 11, 155). Plaintiff alleged disability beginning February 27, 2012. (Tr. 59). The claim was denied initially on March 27, 2014 (Tr. 87), and upon reconsideration on May 14, 2014 (Tr. 96). Plaintiff filed a request for an administrative hearing on May 20, 2014. (Tr. 11, 112). After a hearing before the ALJ on April 28, 2016, the ALJ issued an unfavorable decision, finding Plaintiff not disabled. (Tr. 11, 24, 119). Plaintiff's request for review by the Appeals Council was denied. (Tr. 1).

The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 27, 2012 (Tr. 13) and had the severe impairments of degenerative disc disease of the lumbar spine and a right shoulder tear (Tr. 14). The ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart B, App. 1. (Tr. 14). The ALJ then found Plaintiff had the Residual Functional Capacity ("RFC") to perform a light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) "except the claimant can occasionally reach in all directions with one upper extremity." (Tr. 14). The ALJ found Plaintiff was unable to perform his past relevant work as an inside upholsterer and outside upholsterer, because they have an exertional level of medium. (Tr. 17). In response to a hypothetical that factored in Plaintiff's age, education, work experience, and RFC, the Vocational Expert ("VE") testified that such an individual could perform jobs available in the national economy and listed those jobs and the number of available jobs. (Tr. 18). Based on the ALJ's testimony, the ALJ concluded jobs existed in significant numbers in the national economy that Plaintiff could perform, rendering Plaintiff not disabled as defined by the Social Security Act. (Tr. 18).

Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g). The parties' Motions for Summary Judgment are now ripe for review.

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment

to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)).   In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520.   Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy.  Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).   The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five.  See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'"  Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)).  In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."  SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§

4

404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

"At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. ANALYSIS

On appeal to this Court, Plaintiff makes two assignments of error. First, the ALJ erred in her assessment of the opinions of the state agency medical consultants. (Doc. No. 11 at 2). Second, the ALJ failed to weigh the opinion of Plaintiff's treating orthopedic doctor. (Doc. No. 11 at 2).

When determining whether a claimant is disabled, the ALJ "consider[s] the medical opinions in [the claimant's] case record together with the rest of the relevant evidence . . . receive[d]" and weighs the opinions based on the examining relationship, the treatment relationship, supportability, consistency, specialization, and other factors. 20 C.F.R. §

404.1527(b), (c). "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions. 20 C.F.R. § 1527(a)(1). Treating sources of medical opinions are generally "give[n] more weight . . . since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] impairment . . . ." 20 C.F.R. § 1527(c)(2).

Although the ALJ is required to explicitly indicate the weight given relevant medical opinions, Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (quoting Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984)), remand is not necessary when there is no conflict with the ALJ's determination and the ALJ's determination is supported by substantial evidence, see Murphy, 810 F.2d at 438 (remanding because unable to determine if supported by substantial evidence where "unresolved conflicts in the evidence"); Love-Moore v. Colvin, No. 7:12-CV-104-D, 2013 WL 5350870, at *2 (E.D.N.C. Sept. 24, 2013) (finding failure to consider opinion harmless error where opinion was consistent and decision supported by substantial evidence).

Here, the ALJ gave "great weight to State agency findings indicating that claimant could perform a range of light work" and found "[t]his opinion . . . consistent with the evidence that claimant can perform activities of daily living independently with the use of medication, and his ability to help raise cattle and work on a farm[.]" (Tr. 17). However, as raised by Plaintiff, the state agency medical consultants "did so noting 'he should be capable of light work and one armed jobs' and further noting that the 'claimant is currently limited to one arm jobs.'" (Doc. No. 11 at 4 (citing Tr. 75-76, 79)). The Commissioner also does not dispute that the ALJ failed to weigh the opinions of Plaintiff's orthopedic doctor. Thus, in this decision, the ALJ only assigned weight to

one aspect of the state agency medical consultants' opinion and neglected to discuss or mention Plaintiff's orthopedic doctor Dr. John de Perczel or the remainder of the state agency medical consultants' statements in their assessment. Given these omissions and the uncertainty surrounding the implications of the state agency medical consultants' statements and timing and sequence of Dr. de Perczel's statements, the Court concludes remand is necessary for meaningful review by this Court and remands the decision without addressing whether the opinions of these medical sources conflict with the ALJ's determination or whether the ALJ's determination is supported by substantial evidence.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 10) is GRANTED in part and DENIED in part; the Commissioner's Motion for Summary Judgment (Doc. No. 12) is DENIED; and the ALJ's determination is REVERSED[2] and REMANDED to the Commissioner for further proceedings consistent with this ORDER.

IT IS SO ORDERED.

Signed: May 7, 2018

Frank D. Whitney
Chief United States District Judge

---

[2] In reversing the Commissioner's decision, the Court expresses no opinion on the merits of Plaintiff's claim for disability. The Court expressly provides that an order of "reversal" here does not mandate a finding of disability on remand. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)).